UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                  Case No. 16-20185

MARK ANTHONY BARNETT,

        Defendant.
                                         /

**ORDER DENYING DEFENDANT'S MOTION TO SEAL**

Pending before the court is the Defendant's "Motion to Seal." The motion, itself filed under seal, requests that this court approve the filing under seal of Defendant's "Motion for Downward Variance" including its attached exhibits on the basis that they contain personal and confidential medical information. The Government has not filed any response to Defendant's motion.

After reviewing Defendant's brief in support of the motion, the court is not persuaded that Defendant has set forth a compelling reason to justify non-disclosure of public records, particularly in light of the Sixth Circuit's recent opinion in the only case cited by Defendant, *Shane Group, Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016). There, the court drew a distinction between the use of a protective order, which may be issued upon a mere showing of good cause, and the sealing of court records, which requires an account of the public's interest in an open adjudication. *Id.* It explained that:

      The courts have long recognized, therefore, a strong presumption of openness as to court records. The burden of overcoming that presumption is borne by

the party that seeks to seal them. The burden is a heavy one: only the most compelling reasons can justify non-disclosure of judicial records. Moreover, the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access. . . . And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. The proponent of sealing therefore must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.

*Id.* (internal quotations and citations omitted).

Here, rather than proceeding "document by document," Defendant seeks to have the entire Motion for Downward Variance and attached exhibits sealed from public view on the theory that both the motion and the attached Report of Psychologist Robert Erard, Ph.D.–who is a defense expert–contain confidential medical information protected by the Federal Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). However, Defendant does not explain what information in particular is sensitive or why, apart from the existence of HIPAA, it should be considered so. The court's review of the motion and attached report did not uncover any deeply sensitive medical information. *See id.* at 307 (seal inappropriate where the court's "review of the sealed materials reveals scarcely any 'confidential patient-health information'"). Moreover, these are items that Defendant has "chosen to place in the court record." *Id.* Here as in *Shane Group*, the "asserted bases for sealing off all this information were brief, perfunctory, and patently inadequate." *Id.* at 306. Accordingly, the court will deny the motion to seal.

IT IS ORDERED that Defendant's Motion to Seal is DENIED.

                                          S/Robert H. Cleland
                                          ROBERT H. CLELAND
                                          UNITED STATES DISTRICT JUDGE

Dated: September 27, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 27, 2016, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522